1809

Beard
vs
Heide

judgment entered according to it. In a few words, the defendant at first admitted the debt to be due, but would not confess assets. In consequence the sum was ascertained; but an auditor was appointed to ascertain the amount of assets. The party afterwards confesses there were assets sufficient, and in consequence the appointment of auditor was stricken out; and upon his own confession of a sufficiency of assets in his hands to discharge the debt, the court entered against him the judgment, which in all such cases is given. It is said to have been given upon motion of the plaintiff. But this is the form of entering all judgments by confession. The whole proceedings are regular, unless, because an auditor had once been appointed to ascertain the amount of assets, it was not in the power of the parties to take the subject out of his hands, and ascertain, by their own confession, the fact which it was the sole purpose by the reference to determine. The forms of records might indeed be more correctly and elegantly expressed, but these are forms to which we are most accustomed, and have in them sense enough to prevent the reversal of a judgment, to which the consent of the party was had in the court below.

THE COURT considered that the summons for the executor *de son tort* to appear and defend the action, issued regularly, and that the executor *de son tort* could be made a party to the action; but that the entry of the judgment was erroneous.

JUDGMENT REVERSED.

---

JUNE.

In executing a commission to take testimony, it is not necessary that the commissioners should appoint a clerk.

## BEARD vs. HEIDE.

APPEAL from *Baltimore* County Court. Action on the case against a *common carrier* for negligence, &c. The general issue pleaded. A *commission* by consent issued to *London*, for the purpose of obtaining testimony, and was returned, with the testimony taken under it. At the trial in the county court, the plaintiff, (now appellee,) offered in evidence the commission and the testimony, to which evidence the defendant, (now appellant,) objected, on the ground that it did not appear that the commissioners, named in the commission, appointed a clerk. But the county

court, [*H. Ridgely*, Ch. J.] overruled the objection. The defendant excepted. Verdict and judgment for the plaintiff, and the defendant appealed to this court.

The cause was argued before Chase, Ch. J. Polk, Buchanan, Nicholson, and Earle, J. by

*W. Dorsey*, for the Appellant; and by *Brice*, for the Appellee.

JUDGMENT AFFIRMED.

---

HAMMOND vs. HIGGINS, *et ux.*

APPEAL from *Frederick* County Court. This was an action of *Dower*, to which the defendant, (now appellant,) appeared, and confessed judgment, which was entered in favour of the demandants, (now appellees,) for the dower of the wife, of the third part of two tracts of land called, &c. to hold to them in severalty by metes and bounds; and on the prayer of the demandants, a writ of *habere facias seisinam* was awarded and issued, to cause them to have full seizin of the third part of the lands, &c. which writ accordingly issued, and the dower in the lands were laid off and assigned by a jury, and delivered by the sheriff to the demandants, and on return thereof being made to the county court, the demandants prayed judgment, "as well for their damages sustained by occasion of the detention of the dower of the said *S.* in the lands aforesaid, as also for their costs and charges by them laid out and expended," &c. The county court entered judgment in favour of the demandants against the defendant, for "one *penny* current money, for their damages sustained by occasion of the detention of the dower aforesaid, as also *ninety five pounds and one penny* current money, adjudged by the court to the demandants for their costs and charges by them laid out and expended," &c. From which judgment the defendant appealed to this court.

In an action of dower a judgment was confessed for the demandant's dower claimed in the lands. A writ of *Habere facias seisinam* issued, and the demandant's dower laid off. On the return of the writ, the county court entered judgment for nominal damages, and costs. On appeal, the judgment for the damages and costs was reversed

The cause was argued before Chase, Ch. J. Polk, Buchanan, Nicholson, and Earle, J.

*Martin*, for the Appellant, contended that the whole of the proceedings, after the judgment for dower and the